IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CALVIN GREEN,

       Plaintiff

vs.

DR. FYE, Unit Manager GEORGE IVEY, and Counselor AMICA,

       Defendants

NO. 5:11-CV-216 (CAR)

**O R D E R**

Plaintiff **CALVIN GREEN** has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. ' 1983. In compliance with this Court=s Order dated July 28, 2011 (Doc. 9), Plaintiff has supplemented his complaint (Doc. 10).

Plaintiff paid an initial partial filing fee of $15.53 as ordered by the Court. Notwithstanding this Court=s dismissal of his case, Plaintiff remains obligated to pay the balance of the $350.00 filing fee, using the installment payment plan described in 28 U.S.C. ' 1915(b). Under section 1915(b), the prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month=s income credited to Plaintiff=s account (to the extent the account balance exceeds $10) until the $350 filing fee has been paid in full. The Clerk of Court is directed to send a copy of this Order to the business manager of Coffee Correctional Facility.

*I.  STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).   A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").    In making the above determinations, all factual allegations in the complaint must be viewed as true.  *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).    In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege,

2

or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. **Hale v. Tallapoosa County**, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. **See Chappell v. Rich**, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). **See also** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.  BACKGROUND

According to Plaintiff, he received a bottom bunk profile on May 17, 2008, due to a compound fracture of his right leg.  In March 2009, prior to the expiration of Plaintiff's bottom bunk profile, he was moved to a top bunk.   Plaintiff then made several attempts to persuade Defendant Unit Manager George Ivey to return Plaintiff to a bottom bunk, but Ivey refused these requests.   Plaintiff allegedly also notified Defendant Counselor Amica of his leg condition and requested assignment to a bottom bunk, but to no avail.   Plaintiff states that his bottom bunk profile expired on May 12, 2009. On June 13, 2009, Plaintiff slipped and fell while descending from his top bunk and broke his clavicle.   Despite the Court in its July 28th Order instructing Plaintiff to "[s]tate every fact upon which you base your contention that each of the Defendants, including Dr. Fye, was responsible for your fall," Plaintiff makes no allegations in his original complaint and supplement against Dr.

Fye, other than summarily alleging that Fye, along with the other Defendants, "was responsible for the fall and injury on June 13, 2009, because the[ir] failure to act."

Plaintiff seeks compensatory, punitive, and nominal damages.

## III.  DISCUSSION

In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." The *Estelle* test is two pronged:  (1) the prisoner's medical needs must be serious; and (2) there must be deliberate indifference on the part of the defendants.  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).   In order to establish deliberate indifference, a prisoner must show that a "defendant actually knew of 'an excessive risk to an inmate's health' and disregarded that risk."  *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  The prisoner must show some purposeful or intentional denial of necessary medical treatment, or at least that the treatment given was so grossly incompetent as to shock the conscience.  *Mandel v. Doe*, 888 F.2d 783 (11th Cir. 1989); *Washington v. Dugger*, 860 F.2d 1018 (11th Cir. 1988).  The mere allegation of improper or untimely treatment, without more, states at most a claim for medical malpractice cognizable under state law.  *Id; see also Howell v. Evans*, 922 F.2d 712 (11th Cir.), ***vacated as moot***,

931 F.2d 711 (1991), *reinstated by unpublished order, sub. nom Howell v. Burden*, 12 F.3d 190, 191 (1994).

Although Plaintiff=s accident was unfortunate, he has failed to state a claim for deliberate indifference to a serious medical need or any other constitutional claim against the three named Defendants. Notwithstanding Plaintiff being moved to a top bunk before expiration of his bottom bunk profile, he was not injured until after his profile expired. At the time of Plaintiff=s accident, he was therefore assigned to a top bunk in accordance with his current medical profile. Plaintiff alleges that prison policy required his profile to be re-evaluated each year. Even if this allegation is true, violation of such policy does not present a constitutional claim. *See e.g., Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002) (AWhile the violation of state law may (or may not) give rise to a state tort claim, it is not enough by itself to support a claim under " 1983.@). While Plaintiff=s broken leg may at one time have been a serious medical need, he tellingly makes no allegation that his leg had failed to heal or otherwise remained an issue more than one year later.

The instant case is thus governed by the Eleventh Circuit Court of Appeal=s decision in *Burley v. Upton*, 257 F. App=x 207 (11th Cir. Dec. 3, 2007). The Eleventh Circuit in *Burley* dismissed Plaintiff=s complaint based on his failure to allege a serious medical need justifying a lower bunk profile. *See also Robbins v. Black*, 351 F. App=x 58 (6th Cir. Nov. 3, 2009). Despite this Court=s instructing Plaintiff to state all his

5

allegations against Dr. Fye, Plaintiff alleges no specific facts regarding Fye. Plaintiff does not, for example, allege that Fye refused to see Plaintiff about his leg. Plaintiff's failure to seek Fye's care, or otherwise allege that his leg remained a serious medical need at the time of his accident, is fatal to his case. As of May 12, 2009, Ivey and Amica were entitled to rely upon Plaintiff not having a bottom bunk medical profile. *See Robbins*, 351 F. App'x at 63; *Jones v. Pancake*, 2009 WL 481899 (W.D. Ky. Feb. 25, 2009) (holding supervisors not liable where they knew Plaintiff was assigned to a top bunk despite his previously having a lower bunk profile).

### IV.  CONCLUSION

Even construing Plaintiff's complaint liberally in his favor, the Court concludes that he has failed to allege a colorable constitutional claim against the named Defendants. The complaint is therefore **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.[1]

**SO ORDERED**, this 21st day of October, 2011.

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

cr

---

[1] Given the dismissal of this case, Plaintiff's pending motion for appointment of counsel (Doc. 3) is hereby **DENIED** as moot.